UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN LEE MCCULLOM,

Plaintiff,

v.

GREGORY J. AHERN, et al.,

Defendants.

Case No. 16-00044 HRL (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a California state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against Santa Rita County Jail officials. Plaintiff then filed an amended complaint. (Docket No. 7.) Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. See Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994). Because the matter has not yet been served and no undue prejudice to the opposing party will result, the amendment is GRANTED. The amended complaint is the operative complaint in this action. Plaintiff's motion for leave to proceed in forma pauperis will be addressed in a separate order.

**DISCUSSION**

A. **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Claims

Plaintiff claims that an Oakland Superior Court judge "covertly facilitated" Defendant Deputy R. Martinez "to illegally confiscate" Plaintiff's "court ordered MP3 player," in order to suppress evidence in a murder case. (Am. Compl. at 3.) Plaintiff claims that the MP3 player contained audio recordings of video interrogations of two witnesses involved in his case, and that the judge and two attorneys "digitally edited [sic]" these recordings in order to "frame" him for murder. (Id.) As relief, Plaintiff wants the deputies involved to be terminated from their jobs, and monetary damages rewarded for "pain suffering mental anguish duress and stress [sic]." (Id.)

Plaintiff's complaint is problematic for several reasons, the first of which is a failure to identify what constitutional right was violated by the alleged actions by Defendants. Secondly, Plaintiff names several individuals as defendants under the "Parties" section of the complaint, (Am. Compl. at 2), but fails to describe the specific action of each of the Defendants that violated his rights, other than Defendant R. Martinez, in the "Statement of Claim," (id. at 3).

With respect to Defendant Martinez's confiscation of Plaintiff's MP3 player, Plaintiff may at best state a due process violation for the loss of property, but more facts are necessary to determine whether he states a cognizable claim. Ordinarily, due process

of law requires notice and an opportunity for some kind of hearing prior to the deprivation of a significant property interest. See Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 19 (1978). However, neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized. See Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. See Zinermon v. Burch, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process); King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986) (same). California law provides such an adequate post-deprivation remedy. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

If the deprivation is not random and unauthorized, but the result of "established state procedure," the availability of a post-termination tort action does not necessarily provide due process. See Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-37 (1982) (failure on part of state commission to hold hearing within statutory time limits not permitted to terminate timely filed claim). Parratt does not apply where the state has procedures designed to control the actions of state officials and the officials act pursuant to those procedures. See Zimmerman v. City of Oakland, 255 F.3d 734, 738 (9th Cir. 2001); Armendariz v. Penman, 31 F.3d 860, 866 (9th Cir. 1994), aff'd in part on relevant grounds and vacated in part on other grounds on reh'g en banc, 75 F.3d 1311 (9th Cir. 1996) (en banc). In those instances, the Fourteenth Amendment requires "'an opportunity . . . granted at a meaningful time and in a meaningful manner,' . . . for a hearing appropriate to the nature of the case.'" Logan, 455 U.S. at 437. Due process is violated where a deprivation is predictable and pre-deprivation process possible, but state officials, acting

under apparent authority of state procedures, provide no pre-deprivation procedure and are specifically charged with the authority to effect the deprivation complained of. See Zimmerman, 255 F.3d at 739 (holding that a due process challenge to the deprivation of property may go forward where (1) the deprivation took place at a specific, predictable point in the seizure process; (2) the seizing officer was delegated the power and authority to effect the very deprivation complained of; and (3) he also had the concomitant duty to initiate the procedural safeguards set up under the local ordinance); Armendariz, 31 F.3d at 866.

Plaintiff shall been given an opportunity to file a second amended complaint to attempt to state sufficient facts to show that Defendant Martinez's actions were not random and unauthorized, but the result of "established state procedure," in order to state a cognizable § 1983 claim. See Zimmerman, 255 F.3d at 739. However, if Plaintiff's allegations show that Defendant Martinez's actions were random and unauthorized, then the claim will be dismissed to filing as a state action. See Barnett, 31 F.3d at 816-17.

Furthermore, to the extent that Plaintiff is challenging the lawfulness of his "murder case," it is unclear whether that state criminal proceeding is currently ongoing or has concluded. If the matter is ongoing, then this Court, under principles of comity and federalism, should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. See Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention principles also apply in an action for damages in which a federal plaintiff brings a constitutional challenge to a pending state proceeding. See Gilbertson v. Albright, 381 F.3d, 965, 979-80 (9th Cir. 2004) (en banc) (finding damages action based upon constitutional challenge to pending state proceedings implicates Younger principles because in order to determine damages the district court must first decide whether there has been a constitutional violation). Although the Supreme Court has not clearly decided whether abstention applies to a § 1983 suit that includes a claim for money damages, most circuits, including the Ninth Circuit, recognize that Younger principles apply in some manner to § 1983 damages actions. Id. at 979 n.13;

Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1986) (applying Younger to federal § 1983 claim for damages pending disposition of criminal prosecution in state court). Plaintiff presents no such "extraordinary circumstances" to warrant interference by this Court under Younger, 401 U.S. at 43-54.

If the criminal trial has concluded, then Plaintiff's claim for damages may be barred by Heck v. Humphry, 512 U.S. 477 (1994). In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Id. at 486-487. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Id. at 487. If Defendants' alleged actions did indeed result in an unconstitutional conviction, then Plaintiff must first successfully challenge that conviction in the manner described above before he can recover damages.

If Plaintiff is attempting to challenge the lawfulness of his state conviction, such claims may be subject to dismissal based on Younger abstention or Heck bar, depending on the status of his state conviction. The Court will grant him an opportunity to include such a claim in a second amended complaint, provided he includes information sufficient for this Court to consider whether Younger and Heck apply, i.e., whether Plaintiff's murder case has concluded, and if so, whether Plaintiff was acquitted or if the conviction has since been invalidated.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The amended complaint is DISMISSED with leave to amend. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file a second amended

complaint using the court's form complaint. The second amended complaint must include the caption and civil case number used in this order, i.e., Case No. C 16-00044 HRL (PR), and the words "SECOND AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed. Plaintiff is reminded that the second amended complaint supersedes all prior complaints, and Plaintiff may not make references to the original or first amended complaints. Claims not included in the second amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992).

Failure to respond in accordance with this order by filing a second amended complaint will result in the dismissal of this action without prejudice and without further notice to Plaintiff.

The Clerk shall include two copies of the court's form complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: 5/27/16

HOWARD R. LLOYD
United States Magistrate Judge

P:\PRO-SE\HRL\CR.16\00044McCullom_dwlta